```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
    WAMEEDH AL AZZAWI,                                :
                                                      :
                                        Plaintiff,    :      16 Civ. 548 (KPF)
                                                      :
                          v.                          :      OPINION AND ORDER
                                                      :
    INTERNATIONAL CENTRE FOR DISPUTE                  :
    RESOLUTION and KELLOGG BROWN AND                  :
    ROOTS SERVICES, INC.,                             :
                                                      :
                                        Defendants.   :
                                                      :
------------------------------------------------------X
```

>  USDC SDNY
>  DOCUMENT
>  ELECTRONICALLY FILED
>  DOC #: _____
>  DATE FILED: November 14, 2016

KATHERINE POLK FAILLA, District Judge:

Once again, Wameedh Al Azzawi seeks to extract money from the engineering and procurement conglomerate Kellogg Brown and Root Services, Inc. ("KBR"), and once again he confronts jurisdictional challenges in his quest. In broad summary, in 2005, KBR hired Al Farez-Wamed Co. ("Al Farez"), an Iraqi limited liability company of which Plaintiff is the general manager, to build a vehicle maintenance facility in Iraq. By all accounts, the project was beset with problems and delays. After unsuccessfully petitioning KBR to pay it for extra work purportedly expended in completing that project, Al Farez demanded that KBR submit to arbitration before the International Centre for Dispute Resolution ("ICDR").[1] Unhappy with the result of that arbitration (the "Arbitration"), Plaintiff, proceeding *pro se*, brought several lawsuits against

---

[1] In his Complaint, Plaintiff erroneously refers to ICDR as the "International Centre for Dispute Resolution Organization." The Clerk of Court is instructed to amend the caption as reflected above.

KBR and/or ICDR in the United States District Court for the Eastern District of California. One of those cases was then transferred to this Court in January 2016.

Pending before the Court are Defendants' motions to dismiss Plaintiff's Complaint, which motions are predicated on arguments that Plaintiff lacks standing to sue and that he is collaterally estopped from asserting otherwise. For the reasons set forth in the remainder of this Opinion, the Court agrees. Further, because the Court lacks, and cannot through amended pleading obtain, subject matter jurisdiction to adjudicate this case, Plaintiff's Complaint is dismissed with prejudice.

## BACKGROUND[2]

### A. Factual Background

Plaintiff's Complaint is difficult to follow, but his grievances against Defendants appear to stem from a decade-old military subcontract between

---

[2] Two principles bear mention here because they affect the universe of documents considered by the Court. First, when a defendant contests subject matter jurisdiction in a motion pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), "a district court is permitted to consider evidence outside the pleadings, such as affidavits and exhibits." *Martinez* v. *Riverbay Corp.*, No. 16 Civ. 547 (KPF), 2016 WL 5818594, at *3 (S.D.N.Y. Oct. 4, 2016). Accordingly, this opinion draws on evidence from Plaintiff's Complaint in this case ("Compl.," Dkt. #1); a letter from ICDR confirming receipt of Plaintiff's arbitration demand letter ("ICDR Letter," Dkt. #1, Ex. A); the Statement of Defense & Counterclaims KBR filed in the Arbitration ("KBR Counterclaims," Dkt. #1, Ex. C); an order transferring Plaintiff's suit against Defendants to this District ("Transfer Order," Dkt. #5); KBR's and ICDR's motions to dismiss Plaintiff's Complaint ("KBR Mot.," Dkt. #40 and "ICDR Mot.," Dkt. #44, respectively) and supporting memoranda ("KBR Mem.," Dkt. #41; "ICDR Mem.," Dkt. #46; and "ICDR Reply Mem.," Dkt. #52); and the ICDR arbitration panel's Interim Award ("ICDR Interim Award," Dkt. #1, Ex. H), Partial Final Award ("ICDR Partial Final Award," Dkt. #1, Ex. N), and Final Award ("ICDR Final Award," Dkt. #42-9).

Second, "[w]hen a motion to dismiss is premised on the doctrine of collateral estoppel, a court is permitted to take judicial notice of and consider the complaints and the record generated in both actions without having to convert the motion to dismiss into a summary judgment motion." *Peralta* v. *St. Luke's Roosevelt Hosp.*, No. 14 Civ. 2609

KBR and Al Farez.  In December 2001, KBR won a contract from the United States Department of the Army to provide operational support for American military efforts in Kuwait and Iraq.  (KBR Counterclaims 1).  Pursuant to that contract, in March 2005, KBR engaged Al Farez to construct a vehicle maintenance facility in Iraq.  (Cal. Am. Compl. 2; Subcontract).  KBR, as general contractor, agreed to pay Al Farez, the subcontractor, $ 988,500 for the job.  (Subcontract 1).  In exchange, Al Farez agreed to finish constructing the facility by October 1, 2005.  (*Id.*, Subcontract Terms 4.0).

The project did not go according to plan.  Al Farez completed work on the vehicle maintenance facility in March 2007 — nearly a year and a half late.  (Cal. Am. Compl. 2).  Along the way, Al Farez submitted to KBR dozens of invoices seeking over $3 million in total compensation.  (*Id.*).  KBR approved only two of those invoices.  (*Id.*).

Plaintiff alleges that in September 2012, he "initiate[d] a claim against" KBR by filing a Demand for Arbitration with ICDR.  (Compl. 3; ICDR Letter).  But the documents attached to Plaintiff's Complaint make plain that *Al Farez*,

---

(KPF), 2015 WL 3947641, at *1 n.1 (S.D.N.Y. June 26, 2015) (quoting *Maysonet* v. *Citi Grp., Inc.*, No. 10 Civ. 4616 (SAS), 2011 WL 476610, at *1 n.4 (S.D.N.Y. Feb. 9, 2011)).  In turn, this Opinion also cites the following documents from Plaintiff's parallel lawsuit against KBR in the United States District Court for the Eastern District of California, *Wameedh Al Azzawi* v. *Kellogg Brown and Root*, No. 2:15 Civ. 01468:  Plaintiff's complaint ("Cal. Compl.," E.D. Cal. Dkt. #1) and amended complaint ("Cal. Am. Compl.," E.D. Cal. Dkt. #26); the subcontract between KBR and Al Farez ("Subcontract," E.D. Cal. Dkt. #26-1, Ex. X); various orders issued by the Eastern District of California ("[Date] Cal. Order," E.D. Cal. Dkt. #[Number]); Plaintiff's opposition to KBR's motion to dismiss his amended complaint ("Pl. MTD Objection," E.D. Cal. Dkt. #30); Plaintiff's objection to a Magistrate Judge's order recommending that his amended complaint be dismissed ("Pl. MJ Objection," E.D. Cal. Dkt. #34); the judgment dismissing Plaintiff's suit against KBR ("June 16 Judgment," E.D. Cal. Dkt. #38); and Plaintiff's notice of appeal from the June 16 Judgment ("Cal. Notice of Appeal," E.D. Cal. Dkt. #39).

and not Plaintiff, was the claimant in the Arbitration.  (*See, e.g.*, ICDR Interim Award; ICDR Partial Final Award).  KBR responded by filing counterclaims against Al Farez, arguing that Al Farez's action to recover costs from the vehicle maintenance facility project was time-barred and that its failure to timely complete the project caused KBR to suffer damages.  (KBR Counterclaims 1-3).

Plaintiff alleges that both Defendants violated ICDR rules throughout the Arbitration, which culminated in a final hearing in August 2015.  (Compl. 3-9).  Ultimately, a three-member panel issued a Final Award denying Al Farez's claims and KBR's counterclaims on January 14, 2016.  (ICDR Final Award).

**B.     Procedural Background**

Plaintiff has filed two *pro se* lawsuits against KBR, both in the Eastern District of California.[3]  First, in July 2015, Plaintiff sued KBR, alleging that it had committed fraud during the arbitration.  (Cal. Compl. 4-5).  United States Magistrate Judge Allison Claire recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction, because Plaintiff had not alleged an injury-in-fact sufficient to confer Article III standing.  (Jan. 14, 2016 Cal. Order 2-4, E.D. Cal. Dkt. #25).  Plaintiff amended his complaint (Cal. Am. Compl.), but Magistrate Judge Claire reached the same result in an order dated April 14, 2016 (Apr. 14, 2016 Cal. Order 2-4,

---

[3]     Before suing KBR, however, Plaintiff sued several government agencies — ostensibly under the Freedom of Information Act — seeking documents that Plaintiff believed were relevant to the Arbitration.  (Compl., *Wameedh Al Azzawi* v. *Dep't of the Army*, No. 2:15 Civ. 01138 (E.D. Cal. May 27, 2015)).  The Eastern District of California dismissed this suit under Rule 12(b)(1) because Plaintiff had failed to exhaust his administrative remedies.  (Order, *Wameedh Al Azzawi* v. *Dep't of the Army*, No. 2:15 Civ. 01138 (E.D. Cal. Feb. 12, 2016)).

E.D. Cal. Dkt. #33). Because Plaintiff had failed to demonstrate that *he*, as opposed to Al Farez, had suffered a concrete and particularized injury, Magistrate Judge Claire recommended that his amended complaint be dismissed. (Apr. 14, 2016 Cal. Order 2-4). On June 16, 2016, United States District Judge Garland E. Burrell, Jr. (i) issued an order adopting in full Magistrate Judge Claire's April 14 recommendation, and (ii) entered the June 16 Judgment dismissing Plaintiff's amended complaint. (June 16, 2016 Cal. Order 2, E.D. Cal. Dkt. #37; June 16 Judgment).

Second, in January 2016, Plaintiff sued KBR and ICDR. (Compl.). The Eastern District of California transferred the case to this District. (Transfer Order). In his Complaint against KBR and ICDR, Plaintiff seeks to vacate the ICDR arbitration panel's award and asks this Court to reimburse Plaintiff for the costs and fees he expended in pursuing the Arbitration. (Compl. 10-11).

KBR and ICDR moved separately to dismiss Plaintiff's Complaint. (KBR Mot.; ICDR Mot.). They raise several grounds for dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (KBR Mot. 1; ICDR Mot. 1-2). Of significance to the instant Opinion, both Defendants argue that Plaintiff lacks standing to sue, and that this Court should thus dismiss his Complaint under Rule 12(b)(1). (KBR Mem. 11-16; ICDR Mem. 6-7).

**DISCUSSION**

**A.     Applicable Law**

"When presented with a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has subject matter jurisdiction necessary to consider the merits of the action." *Wong* v. *CKX, Inc.*, 890 F. Supp. 2d 411, 414-15 (S.D.N.Y. 2012). So too here. Before considering the merits of Plaintiff's Complaint, the Court must assess whether it has subject matter jurisdiction to entertain his suit. And because the Court is satisfied that Plaintiff lacks standing to sue *either* KBR *or* ICDR, this Opinion's analysis will begin and end with Rule 12(b)(1).

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Pulse Creations, Inc.* v. *Vesture Grp., Inc.*, 154 F. Supp. 3d 48, 52-53 (S.D.N.Y. 2015) (quoting *Aurecchione* v. *Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "In resolving a Rule 12(b)(1) motion to dismiss, '[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff, but jurisdiction must be shown affirmatively, and that showing [may] not [be] made by drawing from the pleadings inferences favorable to the party asserting it.'" *Martinez* v. *Riverbay Corp.*, No. 16 Civ. 547 (KPF), 2016 WL 5818594, at *3 (S.D.N.Y. Oct. 4, 2016) (quoting *Morrison* v. *Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d

Cir. 2008)). Thus, Plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Pulse Creations*, 154 F. Supp. 3d at 53 (quoting *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Because Plaintiff is proceeding *pro se*, the Court "must construe [his] pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Kingsley* v. *N.Y. City Hous. Auth. (NYCHA)*, No. 16 Civ. 169 (KPF), 2016 WL 5939359, at *3 (S.D.N.Y. Oct. 6, 2016) (quoting *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)). But that liberal construction has limits, and the Court will not suspend "all normal rules of pleading" for Plaintiff's benefit. *Hill v. City of N.Y.*, No. 13 Civ. 8901 (KPF), 2015 WL 246359, at *2 (S.D.N.Y. Jan. 20, 2015) (quoting *Stinson* v. *Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 (S.D.N.Y. 1980)).

**B.  Analysis**

KBR and ICDR both argue that Plaintiff lacks Article III standing to bring this suit, because he suffered no injury-in-fact as a result of the Arbitration. (KBR Mem. 11-16; ICDR Mem. 6-7). Al Farez was the only claimant in that arbitration, and Defendants contend that Plaintiff cannot allege an injury on Al Farez's behalf. (KBR Mem. 13-16; ICDR Mem. 6-7). In support of this argument, Defendants urge this Court to give preclusive effect to the Eastern District of California's June 16 Judgment and hold that Plaintiff is collaterally

7

estopped from arguing that he has standing to sue KBR or ICDR.  (KBR Mem. 11-13; ICDR Reply Mem. 1-2).[4]

The Court agrees with Defendants.  The Eastern District of California held that Plaintiff lacks standing to sue on Al Farez's behalf for any harm that Al Farez allegedly suffered in connection with the Arbitration.  As explained below, the June 16 Judgment thus precludes Plaintiff from asserting standing to sue KBR in this Court.  This logic applies with equal force to ICDR, even though it was not a defendant in the suit that the Eastern District of California dismissed.  And because no amendment will cure Plaintiff's lack of standing, the Court will dismiss his Complaint with prejudice.

### 1. Plaintiff Is Collaterally Estopped from Asserting Standing to Sue KBR

"Collateral estoppel … forecloses 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Schwartz* v. *HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666, 674 (S.D.N.Y. 2016) (quoting *Taylor* v. *Sturgell*, 553 U.S. 880, 892 (2008)).  Collateral estoppel can

---

[4]    ICDR first raised this argument in its reply to Plaintiff's opposition to Defendants' motions to dismiss.  True, in its opening brief, ICDR argued that Plaintiff lacked standing to sue, and cited Magistrate Judge Claire's April 14 order in support of that argument.  (ICDR Mem. 7).  But it was only in its reply brief that ICDR argued clearly that Plaintiff was precluded from asserting otherwise.  (ICDR Reply Mem. 1-2).  However, because Plaintiff has not argued that ICDR waived this argument, and because this Court "enjoys broad discretion … to consider arguments made for the first time in a reply brief," *Dixon* v. *NBCUniversal Media, LLC*, 947 F. Supp. 2d 390, 396 (S.D.N.Y. 2013) (citation omitted), the Court sees no problem with considering ICDR's collateral estoppel argument, nor with dismissing Plaintiff's suit against ICDR on that basis.  Here, too, the Court has construed Plaintiff's allegations liberally to raise the strongest arguments in opposition that they suggest.

be asserted offensively (by a plaintiff) or, as here, defensively (by a defendant). *Id.* (quoting *Parklane Hosiery Co.* v. *Shore*, 439 U.S. 322, 326 n.4 (1979)). KBR argues that the Eastern District of California decided a legal issue — that Plaintiff lacks standing to sue on Al Farez's behalf for harm Al Farez allegedly suffered in the course of the Arbitration — and that Plaintiff cannot relitigate that issue here. As set forth in the remainder of this section, KBR is correct.

"For collateral estoppel to apply, four elements must be satisfied: "[i] the issues of both proceedings must be identical, [ii] the relevant issues were actually litigated and decided in the prior proceeding, [iii] there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceeding, and [iv] the issues were necessary to support a valid and final judgment on the merits." *Schwartz*, 160 F. Supp. 3d at 674 (quoting *Cent. Hudson Gas & Elec. Corp.* v. *Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995)). KBR has satisfied all four elements.

First, the instant case and Plaintiff's prior Eastern District of California suit share an identical dispositive issue: Does Plaintiff have standing to sue on behalf of Al Farez for a claim arising out of the Arbitration? Because the Eastern District of California answered that question "no," it dismissed Plaintiff's complaint against KBR. The Court confronts this same issue here.

Second, the issue of Plaintiff's standing was actually litigated and decided in the Eastern District of California. To review, Magistrate Judge Claire recommended dismissing a complaint — and, later, an amended complaint — that Plaintiff filed against KBR. Magistrate Judge Claire reasoned

9

that Plaintiff lacked standing to sue because he had alleged an injury on behalf of a third party, Al Farez, without demonstrating that (i) "[Plaintiff] personally ha[d] suffered some actual or threatened injury" at KBR's hands (Apr. 14, 2016 Cal. Order 2 (quoting *Valley Forge Christian Coll.* v. *Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982))), or (ii) Plaintiff enjoyed "a sufficiently close relationship to" Al Farez that would merit third-party standing (*id.* at 3 (citing *Kowalski* v. *Tesmer*, 543 U.S. 125, 130 (2004)). District Judge Burrell adopted this recommendation and issued the June 16 Judgment dismissing Plaintiff's amended complaint.

Third, Plaintiff had a full and fair opportunity to litigate the issue of standing. To start, Magistrate Judge Claire identified Plaintiff's failure to establish standing as a fatal flaw in his complaint against KBR, and granted Plaintiff leave to amend. Plaintiff followed through with an amended complaint, albeit to no avail. Plaintiff later argued that he had standing to sue KBR in his opposition to KBR's motion to dismiss his amended complaint. (Pl. MTD Objection 2). And Plaintiff raised this argument *again* in his objection to Magistrate Judge Claire's order recommending that his amended complaint be dismissed. (Pl. MJ Objection 3-6).

Finally, the issue of Plaintiff's standing was necessary to support the June 16 Judgment. More to the point, the Eastern District of California's determination that Plaintiff lacked standing was the *exclusive* basis on which that court dismissed Plaintiff's suit against KBR.

In sum, KBR has demonstrated that all four elements of collateral estoppel lie. The June 16 Judgment thus precludes Plaintiff from asserting standing to sue KBR in this Court.[5]

### 2. Plaintiff Is Collaterally Estopped from Asserting Standing to Sue ICDR

It is clear that Plaintiff is collaterally estopped from asserting standing to sue KBR, the lone defendant in Plaintiff's Eastern District of California lawsuit. But the instant case has a second defendant, ICDR, that was not a party to that action. The Court must therefore consider whether Plaintiff is also collaterally estopped from arguing that he has standing to sue ICDR. It has, and it concludes that Plaintiff is so estopped.

The Supreme Court long ago dispensed with a "mutuality of estoppel" requirement. *See Parklane Hosiery*, 439 U.S. at 326-37. Put another way, "if a litigant [like Plaintiff] has had an opportunity to fully and fairly litigate an issue and lost, then third parties unrelated to the original action [like ICDR] can bar the litigant from relitigating that same issue in a subsequent suit." *Austin* v. *Downs, Rachlin & Martin*, 114 F. App'x 21, 22-23 (2d Cir. 2004) (summary

---

[5]    It is of no moment that Plaintiff has appealed from the June 16 Judgment to the United States Court of Appeals for the Ninth Circuit. (Cal. Notice of Appeal). The Court's review of the docket in that appeal indicates that the Ninth Circuit has yet to affirm or disturb the June 16 Judgment. Because "the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided," 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4433 (2d ed. 2002), Plaintiff's pending appeal does not change the Court's conclusion that collateral estoppel bars him from arguing that he has standing to sue Defendants. *See generally Chevron Corp.* v. *Donziger*, 886 F. Supp. 2d 235, 270 (S.D.N.Y. 2012) ("The better view, and that applied in New York and in the federal courts, is that a judgment otherwise final remains so despite the taking of an appeal." (citation omitted)).

11

order); *accord Muhammad* v. *Maduekwe*, No. 13 Civ. 6026 (CM), 2016 WL 829740, at *6 (S.D.N.Y. Feb. 29, 2016) (collecting cases). Assuming that ICDR can satisfy all four elements of a successful collateral estoppel defense, Plaintiff is precluded from asserting standing to sue ICDR.

ICDR has made this showing. Plaintiff is collaterally estopped from asserting standing to sue ICDR for the same reasons he is collaterally estopped from asserting standing to sue KBR. First, this case and Plaintiff's previous lawsuit against KBR share a common issue: whether Plaintiff has standing to assert on Al Farez's behalf a claim arising out of the Arbitration. Second, that issue was litigated and decided in the Eastern District of California: after Plaintiff argued unsuccessfully that he had standing to sue, the Eastern District of California issued the June 16 Judgment dismissing his complaint. Third, Plaintiff had a full and fair opportunity (indeed, multiple opportunities) to litigate this issue. Finally, the issue of Plaintiff's standing was necessary to support the June 16 Judgment.

Accordingly, the June 16 Judgment precludes Plaintiff from asserting standing to sue KBR *or* ICDR. The Court thus lacks subject matter jurisdiction to adjudicate Plaintiff's suit.

### 3. Because Plaintiff Is Collaterally Estopped from Asserting Standing, Any Amendment to Cure This Jurisdictional Defect in His Complaint Would Be Futile

The preclusive effect of the June 16 Judgment is clear: Plaintiff cannot assert standing to sue KBR or ICDR. In turn, this Court lacks subject matter jurisdiction to entertain this lawsuit, and it must dismiss Plaintiff's Complaint

12

under Rule 12(b)(1). *See, e.g., Dimond* v. *Darden Restaurants, Inc.*, No. 13 Civ. 5244 (KPF), 2014 WL 3377105, at *11 (S.D.N.Y. July 9, 2014) ("Where a plaintiff lacks standing, a court is divested of subject matter jurisdiction."). The only remaining question is whether Plaintiff's Complaint should be dismissed with prejudice. Because any attempt by Plaintiff to cure his Complaint's fatal jurisdictional defect would be futile, the answer is "yes."

"Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court 'should freely give leave [to amend] when justice so requires.'" *Gorman* v. *Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting Fed. R. Civ. P. 15(a)(2)). Consistent with this liberal amendment policy, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Id.* (quoting *Block* v. *First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Nonetheless, "it remains 'proper to deny leave to replead where … amendment would be futile.'" *Id.* (quoting *Hunt* v. *Alliance N. Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 728 (2d Cir. 1998)).[6]

Such is the case here. Plaintiff cannot overcome the June 16 Judgment's bar: He is precluded from arguing that he has standing to sue KBR or ICDR. In turn, Plaintiff cannot amend his Complaint in a way that would vest this

---

[6] Similarly, the Court recognizes that while a *pro se* complaint "should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Shomo* v. *City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (alterations and citation omitted), leave to replead need not be granted where — as here — it would be "futile," *Cuoco* v. *Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Court with subject matter jurisdiction. For that reason, any amendment to Plaintiff's Complaint would be futile, and the Court will dismiss his Complaint with prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH PREJUDICE. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   November 14, 2016
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*

Wameedh Al Azzawi
888 Williams Street
Tracy, CA 95376